IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ALAN L. BRESLOW and
LINDA L. SHAFFER                                              PLAINTIFFS

        v.               Civil No. 11-3122

RECONTRUST COMPANY, N.A.,
ATTORNEY-IN-FACT FOR BAC
HOME LOANS SERVICING, L.P.
f/k/a COUNTRYWIDE HOME
LOANS SERVICING, L.P., and
BAC HOME LOANS SERVICING, L.P.
f/k/a COUNTRYWIDE HOME LOANS
SERVICING, L.P.                                               DEFENDANTS

O R D E R

Now on this 6th day of March, 2012, comes on for consideration **Plaintiffs' Motion To Remand Under 28 USC § 1447** (document #15), and from said motion, and the response thereto, the Court finds and orders as follows:

1.  On October 11, 2011, plaintiffs filed this suit in the Circuit Court of Carroll County, Arkansas, Western District, alleging wrongful foreclosure in violation of various Arkansas statutes and "Federal RICO Statutes."

2.  The case was removed to this Court on November 29, 2011, by "Recontrust Company, N.A., Attorney-In-Fact for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. F/K/A Countrywide Home Loans Servicing" ("Recontrust"), on the basis of diversity.

Plaintiffs move to remand, contending that defendants have not shown that there is complete diversity or that the amount in

controversy exceeds $75,000.

Neither party addresses the mention of "Federal RICO Statutes" in the Complaint, and the Court will not *sua sponte* indulge in arguments that were not made by the parties for and against remand on the basis of federal question jurisdiction.

5. The general principles applicable to determining the amount in controversy are laid out in **Bell v. Hershey Co.**, **557 F.3d 953 (8th Cir. 2009)**:

> The proponent of diversity jurisdiction has the burden of proving that the amount in controversy exceeds the jurisdictional amount. This is a straightforward task in the usual matter because the plaintiff is master of the complaint. Thus, where the plaintiff is the proponent of diversity jurisdiction, the amount in controversy controls unless the defendant can establish to a legal certainty that the claim is for less than the jurisdictional minimum.
>
> Where the defendant seeks to invoke federal jurisdiction through removal, however, it bears the burden of proving that the jurisdictional threshold is satisfied. This can be a complex task where, as here, the plaintiff prefers to litigate in state court. The party seeking to remove in the non CAFA context in our circuit has the burden to prove the requisite amount by a preponderance of the evidence. This standard applies regardless of whether the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum. Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount.

**557 F.3d at 956** (internal citations and quotation marks omitted).

6. Defendants here are the proponents of diversity jurisdiction, and face the task of establishing the jurisdictional

minimum in the face of a complaint that alleges no specific amount of damages, and plaintiffs who clearly prefer to litigate in state court.

Defendants argue that "the amount in controversy is known to be over $276,070.78 because, in addition to other damages, Plaintiffs are asking the Court to find that Defendants had no enforceable interest in the real property that was sold at the foreclosure sale for $276,070.78." Plaintiffs respond -- and the point is well taken -- that this argument fails to consider the amount of the mortgage on the property. The same documents that indicate the sale price of the property indicate that money was owed against it, albeit not how much.

The Complaint asks for liquidated damages; punitive damages; and "emotional stress damages." In support of remand, plaintiffs state that although they seek liquidated damages, there is no agreement as to such damages (document #32, page 5), and that there is "no claim for compensatory damages, only liquidated ones" (document #32, page 5-6). These statements, which seriously undermine plaintiffs' prospects for the recovery of any damages at all, lessen the probability that the requisite jurisdictional amount is in controversy. Put another way, they increase the level of doubt that the jurisdictional amount is in controversy.

It is axiomatic that "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." **Knudson v.**

**Systems Painters, Inc.**, 634 F.3d 968, 975 (8th Cir. 2011) (quotation marks and citation omitted).  Under the circumstances here, the Court finds both that defendants have failed to prove the requisite amount is in controversy by a preponderance of the evidence, and that there is significant doubt that such amount is in controversy.  For these reasons, it will grant the Motion To Remand.

    7.   There are many other motions pending in this case, but because the Court has concluded that remand is appropriate, it cannot and will not consider or resolve those motions, leaving them to the court which has jurisdiction.

    **IT IS THEREFORE ORDERED** that **Plaintiffs' Motion To Remand Under 28 USC § 1447** (document #15) is **granted,** and this matter is **remanded** to the Circuit Court of Carroll County, Arkansas, Western District.

    **IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**